Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*BLK Brands, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV11-06378 GW (SSx)

| | |
|---|---|
| BLK BRANDS, LLC, a New Jersey Limited Liability Company,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>BLACKWATER INNOVATIONS CORP., a Canadian Corporation; IVAN SOLOMON, an individual; and, GORDON JUNG.<br>　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) FEDERAL UNFAIR COMPETITION;**<br><br>**(3) COMMON LAW UNFAIR COMPETITION;**<br><br>**(4) DECLARATORY RELIEF** |

Plaintiff BLK Brands, LLC for its claims against Defendants Blackwater Innovations, Corp., Ivan Solomon, and Gordon Jung ("Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 1051, et seq. (Lanham Act). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

2. This Court has personal jurisdiction over Defendants because Defendants conduct business within the Central District of California and the claims arise under

federal law and Defendants are not subject to jurisdiction in any other state's courts of general jurisdiction [Fed.R.Civ.P. 4(k)(2)]

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff BLK Brands, LLC is a limited liability company duly organized and existing under the laws of the state of New Jersey, having its headquarters and principal place of business in New York, New York.

5. Upon information and belief, Defendant Blackwater Innovations Corp. is a corporation organized and existing under the laws of Canada, having its headquarters and principal place of business in Vancouver, Canada.

6. Upon information and belief, Defendant Ivan Solomon is an individual and is one of the conscience, dominant and active forces behind the wrongful acts of Defendant Blackwater Innovations Corp complained of herein, which wrongful acts he has engaged in for the gain and benefit of Defendant Blackwater Innovations Corp. and for his own individual gain and benefit.

7. Upon information and belief, Defendant Gordon Jung is an individual and is one of the conscience, dominant and active forces behind the wrongful acts of Defendant Blackwater Innovations Corp complained of herein, which wrongful acts he has engaged in for the gain and benefit of Defendant Blackwater Innovations Corp. and for his own individual gain and benefit.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

8. Louise Wilkie and Jaqueline Wilkie originally owned a Canadian company named CE Organics that worked primarily in the organic manufacturing of syrups and sauces for the coffee market.

9. In or around 2004 Louise Wilkie and Jaqueline Wilkie began doing research into substances that could nutritionally support their mother, who was

diagnosed with breast cancer. They came across Fulvic Acid which seemed like it had the possibility to meet their requirements.

10. In or around May of 2008 Louise and Jaqueline Wilkie's mother was diagnosed with terminal bone cancer, at which point her doctors told her: (i) to get her affairs in order; (ii) to arrange for palliative care; and, (iii) that she had less than one year to live. The Wilkies began supplying their mother with Fulvic concentrate powder to help her after her chemo therapy sessions for bone cancer. Their mother responded well to taking the Fulvic acid and it made her joints feel much better. To date their mother is still living an independent active life, walking without assistance and is not under palliative care. This home-grown research spurred the idea for a water-based drink containing Fulvic Acid.

11. After extensive research and creation of a formula by the Wilkies through their company CE Organics, BLACKWATER was introduced in March of 2010 by a predecessor –in-interest to Plaintiff BLK Brands LLC. BLACKWATER was well received in the marketplace. In January of 2010 the Wilkies applied to register the "BLACKWATER" trademark with the United States Patent and Trademark Office based upon "intent to use".

12. BLACKWATER was registered thereafter on June 28, 2011 under U.S. Reg. No. 3,986,573, and the registration was thereafter assigned to BLK Brands, LLC.

13. BLACKWATER has been continuously used in connection with Plaintiff's water-based drink products since its date of first use.

14. The Wilkies first met Defendant Gordon Jung at a coffee show in Seattle in September of 2009 during which Mr. Jung expressed interest in CE Organics' manufacturing capabilities and whether it could test and produce a coffee-flavored syrup for him.

15. This initial meeting with Defendant Jung led the Wilkies to a series of meetings and proposed plans with Defendants Gordon Jung and Ivan Solomon to become joint owners of an entity to manufacture and sell a water-based drink

containing Fulvic acid. Defendants Jung and Solomon, recognizing that the Wilkies owned the BLACKWATER trademark, proposed an Assignment of the mark to an entity that the Wilkies and Defendants Jung and Solomon were to own. A copy of this proposed Assignment is annexed hereto as Exhibit A.

16. The Wilkies could never come to any business or financial terms with Defendants Jung and Solomon, at which point Defendants Jung and Solomon, like wild-west thieves, decided to wholesale steal the BLACKWATER trademark, attempt to register it for themselves and steal the product idea of a water-based drink with Fulvic acid from the Wilkies and compete with them.

17. Upon information and belief, Defendants have begun marketing, distributing, advertising, offering for sale, and/or selling its Blackwater-branded products in this judicial district.

18. Defendants' unauthorized use of the BLACKWATER mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods.

19. Defendants' use of the BLACKWATER mark is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademark.

20. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff. Indeed, in Defendants' own Facebook account for its Blackwater-branded product customers who use and have seen Plaintiff's BLACKWATER-branded product have assumed that Plaintiff's products are those of the Defendants.

21. Plaintiff's BLACKWATER-branded products have received great critical acclaim and market acceptance. They are featured in one of Bravo's most watched television shows and have been adopted as a staple by Wegman's a supermarket chain with stores throughout New York, Maryland, Massachusetts, New Jersey, Pennsylvania and Virginia.

22. Upon information and belief, Defendants' acts are malicious, deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademarks and products.

23. Defendants' acts violate the Lanham Act.

24. As a direct and proximate result of Defendants' willful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from using the BLACKWATER mark in connection with its business and products.

25. Plaintiff has no adequate remedy at law.

26. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the BLACKWATER mark, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition)**

27. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

28. Defendants' misappropriation of Plaintiff's BLACKWATER mark was intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to create a product to which the BLACKWATER mark attaches. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

29. Defendants' unauthorized use of the BLACKWATER mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

30. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

31. Defendants' acts constitute unfair competition under the Lanham Act.

32. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its infringing conduct.

33. Plaintiff has no adequate remedy at law.

34. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the BLACKWATER mark, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

### THIRD CLAIM FOR RELIEF
#### (Common Law Unfair Competition)

35. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36. Defendants' misappropriation of Plaintiff's BLACKWATER mark was intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its mark. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

37. Defendants' unauthorized use of the BLACKWATER mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

38. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

39. Defendants' acts constitute unfair competition under California common law.

40. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

41. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

42. Plaintiff has no adequate remedy at law.

43. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the BLACKWATER mark, or marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment on Plaintiff's Ownership of BLACKWATER Mark)**

44. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45. On July 18, 2011, Defendants applied for registration of the BLACKWATER mark with the United States Patent and Trademark Office.

46. Since then, Defendants have threatened to seek cancellation of Plaintiff's BLACKWATER mark and has even sent letters to Plaintiff's customers falsely accusing Plaintiff of infringing on Defendants' rights to the mark.

47. An actual, present, and justiciable controversy exists between Plaintiff and Defendants regarding ownership and rights to the BLACKWATER mark.

48. The actual controversy that exists between Plaintiff and Defendants is within this Court's jurisdiction such that this Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201(a).

49. Pursuant to 28 U.S.C. § 2201, Plaintiff requests that this Court enter a declaratory judgment that Plaintiff is the rightful owner of the BLACKWATER mark and that use of this mark by Defendants' in interstate commerce constitutes trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. Entering a Declaratory Judgment that confirms Plaintiff's ownership and exclusive right to the BLACKWATER mark

B. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1) Doing business as "Blackwater Innovations, Inc." and/or doing business under any other name that contains the BLACKWATER mark.

    (2) Using the BLACKWATER mark or any marks confusingly similar thereto in connection with the manufacture, distribution, marketing, promotion, advertising, offering for sale, and/or sale of merchandise;

    (3) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

    (4) Unfairly competing with Plaintiff.

  C. Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

  D. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

  E. Ordering Defendants to disgorge its profits;

  F. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

  G. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

  H. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

  I. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

  J. Ordering abandonment of Defendant Blackwater Innovations Corp.'s application to register BLACKWATER (U.S. Serial No. 85374006)

  K. Awarding Plaintiff punitive damages in connection with its claims under California law; and

L. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: August 2, 2011                                              BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*BLK Brands, LLc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated: August 2, 2011                                              BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*BLK Brands, LLc.*

## TRADE-MARK ASSIGNMENT

**Assignor:** Jacqueline Wilkie of 2794 Country Woods, Surrey, BC V3S 0E9

**Assignee:** Blackwater Corporation (or the final name settled upon as the NEWCO) of which the principle charter will be incorporated in Vancouver, BC.

### Trade-Mark

1. The Assignor is the owner of the following trade-mark ("the Mark"): Blackwater drink.
2. The Mark is registered at the Canadian Trade-marks Office under Trade-mark Application No. 1462612.

### Assignment

3. The Assignor, in consideration of the Price and upon ratification of a fully incorporated Company in which the Assignor is named as a partner with all the rights and privileges accorded and agreed upon, the receipt and sufficiency of which is hereby acknowledged, does assign and transfer to the Assignee, the Mark and all right, title and interest in the Mark, including, but not limited to register the Mark, to renew registration of the Mark and to licence the use of the Mark.
4. The Assignee, in consideration of the Assignor assigning the Mark to the Assignee on the terms in this Agreement, will pay to the Assignor, the following amount $ _____ ("the Price") which covers the costs, expenses and goodwill of the Assignor to initially register the Mark.
5. The Price is payable in Canadian dollars and is payable as follows: upon ratification of the incorporation and signing of articles of incorporation and shareholders' agreements by all parties named below of the Assignee.
6. Parties to be named as partners in the ratified Assignee Company (NEWCO name TBD):

    1. Ivan Solomon
    2. Gordie Jung
    3. Jacqueline Wilkie
    4. Louise Wilkie

### Representations and Warranties

7. The Assignor owns the mark and asserts that the Assignor has not granted any licenses to use the mark to other parties nor is the Assignor aware of any competing claims for the mark.
8. The Assignor only agrees to assign the Mark upon the successful ratification of the Company and its articles of incorporation and partnership agreement in which the above four (4) Parties are named as beneficial owners/ partners and witnessed by a Notary Public.

### Signing Details

IN WITNESS WHEREOF the Officers and Partners named below of the Company identified as the Assignee have executed this Trade-mark assignment and its articles on the ____ day of _____, 2010.

X _____
Ivan Solomon
Authorized Signatory (NEWCO name TBD)

X _____
Gordon Jung
Authorized Signatory (NEWCO name TBD)

X _____
Jacqueline Wilkie
Authorized Signatory (NEWCO name TBD)

X _____
Louise Wilkie
Authorized Signatory of (NEWCO name TBD

X _____
Witness (Notary Public)




EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

### CV11- 6378 GW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLK BRANKS, LLC, a New Jersey Limited Liability Company,<br><br>PLAINTIFF(S)<br>v.<br><br>BLACKWATER INNOVATIONS CORP., a Canadian Corporation; IVAN SOLOMON, an individual; and, GORDON JUNG.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-06378 GW (SSx)<br><br><br>SUMMONS |

TO: DEFENDANT(S): <u>BLACKWATER INNOVATIONS CORP., IVAN SOLOMON, and GORDON JUNG</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG - 3 2011__     By: __JULIE PRADO__
                                 Deputy Clerk

                                 *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                   SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BLK BRANDS, LLC,

PLAINTIFF

**DEFENDANTS**
BLACKWATER INNOVATIONS CORP., IVAN SOLOMON, and GORDON JUNG

DEFENDANTS

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TRADEMARK INFRINGEMENT UNDER LANHAM ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:**   Case Number: CV11-06378

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                      CIVIL COVER SHEET                                                  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | PLAINTIFF - NEW JERSEY |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | ALL DEFENDANTS - VANCOUVER, CANADA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 8/2/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |