**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BLK BRANDS LLC, a New Jersey Limited Liability Company, | ) ) ) | NO. CV 11-06378-GW (SSx) |
| Plaintiff, Counter-Defendants and Third-Party Defendants, | ) ) ) ) | **MEMORANDUM AND ORDER RE: PARTIES' STIPULATED PROTECTIVE ORDER** |
| v. | ) ) | |
| BLACKWATER INNOVATION CORP., a Canadian Corporation, et al., | ) ) ) | |
| Defendants, Counter-Claimants and Third-Party Plaintiffs. | ) ) ) ) | |

The Court has received and considered the parties' "Joint Proposed Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "tax returns," etc.). Here, the parties define

confidential information as "information contained or disclosed in any materials, regardless of how generated, stored or maintained, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, testimony from previous trials, deposition testimony, transcripts of depositions, and trial transcripts from previous trials, including data, summaries, and compilations derived therefrom that qualify for protection under Federal Rule of Civil Procedure 26(c)." (Protective Order at 2-3, ¶ 2.2). This definition does not clearly place the parties or the Court on notice of the specific documents covered by the proposed protective order. As such, the definition is overbroad. The "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" definitions are also overbroad. (Protective Order at 6, ¶ 5.4(a) and (b)). The documents subject to a protective order must be particularly defined and described. This requirement applies with even greater force to those documents subject to a "Counsel's Eyes Only" restriction, because the order would place even greater restriction on the use of such documents. Thus, it is in the parties' and the Court's interest to specifically define and describe such documents, or to omit such a restriction if it is not yet known to be necessary. The parties may submit a revised stipulated protective order, but must correct this deficiency.

Second, the proposed Protective Order fails to include an adequate statement of good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir.

1  1999); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th
2  Cir. 1992).

4     The Court may only enter a protective order upon a showing of good
5  cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
6  (9th Cir. 2006) (parties must make a "particularized showing" under Rule
7  26(c)'s good cause showing for court to enter protective order);
8  Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
9  cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,
10 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
11 require good cause showing).

13    In any revised stipulated protective order submitted to the Court,
14 the parties must include a statement demonstrating good cause for entry
15 of a protective order pertaining to the documents or information
16 described in the order.  The paragraph containing the statement of good
17 cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."
18 The parties shall articulate, for each document or category of documents
19 they seek to protect, the specific prejudice or harm that will result
20 if no protective order is entered. Foltz, 331 F.3d at 1130 (citations
21 omitted).

23    In addition, the Court will not agree to the procedure the parties
24 propose for resolving disputes. (Protective Order at 11, ¶ 7.3).
25 Before seeking court intervention in any discovery matter, the parties
26 must strictly comply with the Central District's Local Rule 37,
27 including the letter and meet and confer requirements set forth in L.R.
28 37-1.  Both parties must timely file a written joint stipulation

containing all issues in dispute. C.D. Cal. L.R. 37-2, 37-2.1. The form and preparation of this stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2. C.D. Cal. L.R. 37-2.1, 37-2.2. The Court will not consider the dispute unless the stipulation or a declaration from the moving party describing how the opposing party failed to cooperate in formulating the stipulation is timely filed. See C.D. Cal. L.R. 37-2.4.

The Court advises the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

Finally, the Court notes that its website contains additional guidance regarding protective orders. This information is available in Judge Segal's section of the link marked "Judges Procedures & Schedules." (See http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/0141b1bcd8ee7f8488256bbb00542959?OpenDocument). The parties may submit a revised Stipulation and [Proposed] Protective Order for the Court's consideration.

IT IS SO ORDERED.

DATED: February 17, 2012

                                                                     /S/
                                                _____
                                                SUZANNE H. SEGAL
                                                UNITED STATES MAGISTRATE JUDGE